James P. Keenley (State Bar No. 253106)
Emily A. Bolt (State Bar No. 253109)
Brian H. Kim (State Bar No. 215492)
BOLT KEENLEY KIM LLP
2855 Telegraph Ave., Suite 517
Berkeley, California 94705
Phone: (510) 225-0696
Fax: (510) 225-1095

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| SHARAREH IRAVANI, | Case No.: 3:21-cv-9895 |
| Plaintiff, | **COMPLAINT (ERISA)** |
| v. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

## **INTRODUCTION**

1. This case challenges Defendant Unum Insurance Company of America's denial of Plaintiff Sharareh Iravani's claim for benefit under the Saks Incorporated Long Term Disability Plan (the "Plan"). Plaintiff was and is disabled under the terms of the Plan and is entitled to retroactive and ongoing benefits under the Plan.

**JURISDICTION**

2. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).  This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

**VENUE**

3. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the breaches alleged occurred in this District, and the ERISA-governed plan at issue was administered in part in this District.  Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

**DIVISIONAL ASSIGNMENT**

4. This case should be assigned to the San Francisco / Oakland Division because the relevant acts and omissions occurred within this division.

**PARTIES**

5. At all relevant times, Plaintiff was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan.

6. At all relevant times, Defendant underwrote and administered claims for benefits under the Plan pursuant to a group long-term disability insurance policy issued to Plaintiff's employer, Saks Incorporated, bearing Policy Number 949544 for purposes of providing long-term disability insurance to Plan participants, including Plaintiff.

7. At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored by Plaintiff's employer, Saks Incorporated.  The Plan is not a named party to this action because, at all relevant times, Defendant administered claims for benefits under the Plan and funded the benefits provided by the Plan.  Defendant also and rendered the adverse benefit determination in Plaintiff's case.

# FACTS

8. At all relevant times the Plan offered, among other things, long-term disability benefits to employees of Saks Incorporated, including Plaintiff, provided that an employee could establish that she was "disabled" within the meaning of the Plan.

9. Under the terms of the Plan a participant like Plaintiff is "disabled" and entitled to benefits if they are unable to perform the material and substantial duties of their regular occupation because of sickness or injury. After 24 months of benefit payments, a participant is considered disabled if because of sickness or injury they are unable to perform the material duties for any occupation for which they are reasonably fitted based on work history, education and experience.

10. Plaintiff worked as a Beauty Specialist for Saks Incorporated has been disabled within the meaning of the Plan since June 15, 2010 due to multiple co-morbid medical conditions, including degenerative spinal disease and migraine headaches that cause pain and fatigue and impair Plaintiff's ability to sustain the pace and persistence required of her occupation.

11. Plaintiff's initial claim for benefits under the Plan was approved and paid for more than ten years until being terminated on January 7, 2021. Defendant's notices of adverse benefit determination did not identify any evidence that Ms. Irivani's condition had improved during the ten year period in which it continuously approved and paid the claim.

12. Plaintiff submitted a timely appeal of the initial adverse benefit determination.

13. Plaintiff's appeal was denied by letter dated May 4, 2021.

14. Plaintiff has exhausted her administrative remedies with respect to her claim for long-term disability benefits from the Plan.

15. Plaintiff remains disabled within the meaning of the Plan and is currently receiving Social Security Disability Insurance benefits.

16. As a direct and proximate result of the aforementioned acts of Defendant, Plaintiff suffered damages in the form of unpaid disability benefits, interest thereon, and attorney's fees and costs of suit.

**FIRST CLAIM FOR RELIEF**
**[Claim for Benefits Pursuant to ERISA § 502(a)(1)(B) Against Defendant]**

17. Plaintiff incorporates Paragraphs 1 through 22 as though fully set forth herein.

18. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

19. At all relevant times, under the terms of the Plan as set forth in the governing plan instruments, Plaintiff was disabled and entitled to long-term disability benefits under the Plan.

20. By denying Plaintiff's claim for benefits, and by related acts and omissions, Defendant has violated the terms of the Plan and Plaintiff's rights thereunder. Defendant's refusal to pay Plaintiff benefits violates the terms of the Plan, and Defendant's actions in administering Plaintiff's claim and in denying benefits were wrongful and an abuse of discretion. At all material times herein, Defendant failed and refused to honor the terms of the Plan.

21. As a proximate result of Defendant's actions, Plaintiff has been deprived of benefits to which she was and is entitled and has suffered damages as set forth above.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Declare that Defendant violated the terms of the Plan by denying Plaintiff's claim for benefits;

B. Order that Defendant pay Plaintiff's past benefits owed under the terms of the Plan from January 7, 2021 through to the date that judgment is rendered herein, together with prejudgment interest on each and every such payment through to the date that judgment is rendered herein;

C. Order that Defendant resume payment of Plaintiff's monthly long-term disability benefit on a forward going basis from the date that judgment is rendered herein until such time as Plaintiff reaches the maximum benefit period or is no longer disabled within the meaning of the Plan;

D.  Award Plaintiff attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

E.  Provide such other relief as the Court deems equitable and just.

Respectfully submitted,

Dated:  December 21, 2021

BOLT KEENLEY KIM LLP

By: /s/ *James P. Keenley*
James P. Keenley
Attorneys for Plaintiff